UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; WARNER BROS. RECORDS INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; BMG MUSIC, a New York general partnership; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1-5,<br><br>Defendants. | CIVIL ACTION No.:<br><br>04 - 12437 NG |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY**

## I.    INTRODUCTION

Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identities of Doe Defendants, who are being sued for direct copyright infringement.  Without such discovery, Plaintiffs cannot

identify the Doe Defendants, and thus cannot pursue their lawsuit to protect their copyrighted works from repetitive, rampant infringement.[1]

As alleged in the complaint, the Doe Defendants, without authorization, used an online media distribution system (*e.g.*, a peer-to-peer or "P2P" system) to download Plaintiffs' copyrighted works, distribute copyrighted works to the public, and/or make copyrighted works available for distribution to others. See Declaration of Jonathan Whitehead ("Whitehead Decl."), ¶ 16 and Ex. 1. Although Plaintiffs do not know the true names of the Defendants,[2] Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and at the time of the Defendant's infringing activity. Id. Additionally, Plaintiffs have gathered evidence of the infringing activities. Id. ¶¶ 16-17. Plaintiffs have made copies of several sound recordings each Defendant illegally distributed or made available for distribution, and have obtained copies of a more complete list of files (at times numbering in the thousands) that each Defendant has made available to the public for distribution. Id. and Ex. 1.

Plaintiffs have identified the ISP that provided Internet access to each Defendant by using a publicly available database to trace the IP address for each Defendant. Id. ¶¶ 12, 16. Here, the ISP is Bridgewater State College ("Bridgewater State"). Id. When given a Defendant's IP address and the date and time of infringement, an ISP quickly and easily can identify the name and address of the Doe Defendant (*i.e.*, the ISP's subscriber) because that

---

[1] Because Plaintiffs do not currently know the identity of any of the Defendants, Plaintiffs cannot confer with the Defendants prior to the filing of this Motion, as required by Local Rule 7.1.

[2] When using a P2P system (*e.g.*, KaZaA, eDonkey, iMesh, Grokster, or Gnutella), Defendants typically use monikers, or user names, and not their true names. Whitehead Decl., ¶ 7. Plaintiffs have no ability to determine a Defendant's true name other than by seeking the information from the ISP. Id. ¶¶ 11, 16-17.

information is contained in the ISP's subscriber activity log files. Id. ¶ 14.[3]  Plaintiffs'

experience is that ISPs typically keep log files of subscriber activities for only limited periods of

time – which can range from as short as a few days, to a few months – before erasing the data.

Id. ¶ 22.

Plaintiffs now seek leave of Court to serve limited, immediate discovery on

Bridgewater State to identify each Defendant.  Plaintiffs intend to serve a Rule 45 subpoena on

Bridgewater State seeking each Defendant's true name, address, telephone number, e-mail

address, and Media Access Control ("MAC") addresses.  Once Plaintiffs learn a Defendant's

identifying information, Plaintiffs will contact the Defendant and attempt to resolve the dispute.

If the dispute is not resolved and it is determined that it would be more appropriate to litigate the

copyright infringement claims in another jurisdiction, Plaintiffs will dismiss the particular

Defendant from the present lawsuit and re-file in another jurisdiction.  Without the ability to

obtain the Defendant's identifying information, however, Plaintiffs may never be able to pursue

their lawsuit to protect their copyrighted works from repeated infringement.  Id. ¶ 22.  Thus, the

need for the limited, immediate discovery sought in this Motion is critical.

## II.    BACKGROUND

The Internet and P2P networks have spawned an illegal trade in copyrighted

works.  By downloading P2P software, and logging onto a P2P network, an individual can

upload (distribute) or download (copy), without authorization, countless copyrighted music and

---

[3] ISPs own or are assigned certain blocks or ranges of IP addresses.  A subscriber gains access to
the Internet through an ISP after setting up an account with the ISP.  An ISP then assigns a
particular IP address in its block or range to the subscriber when that subscriber goes "online."
After reviewing the subscriber activity logs (which contain the assigned IP addresses), an ISP
can identify its subscribers by name.  Whitehead Decl., ¶ 14.

video files to or from any other Internet user worldwide.  Id. ¶ 7.  See Universal City Studios, Inc. v. Reimerdes, 111 F. Supp. 2d 294, 331 (S.D.N.Y.), aff'd sub nom., Universal City Studios, Inc. v. Corley, 273 F.3d 429 (2d Cir. 2001) (describing a viral system, in which the number of infringing copies made available multiplies rapidly as each user copying a file also becomes a distributor of that file).  Until enjoined, Napster was the most notorious online media distribution system.  See A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004 (9th Cir. 2001). Notwithstanding the Napster Court's decision, similar online media distribution systems emerged that have attempted to capitalize on the growing illegal market that Napster fostered. These include KaZaA, eDonkey, iMesh, Grokster, and Gnutella, among others.  Whitehead Decl., ¶ 6.  Despite the continued availability of such systems, there is no dispute that the uploading and downloading of copyrighted works without authorization is copyright infringement.  Napster, 239 F.3d at 1014-15; In re Aimster Copyright Litig., 334 F.3d 643 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (2004).  Nonetheless, at any given moment, millions of people illegally use online media distribution systems to upload or download copyrighted material.  Whitehead Decl., ¶ 6.  More than 2.6 *billion* infringing music files are downloaded monthly.  L. Grossman, *It's All Free*, Time, May 5, 2003, at 60-69.

The propagation of illegal digital copies over the Internet significantly harms copyright owners, and has had a particularly devastating impact on the music industry. Whitehead Decl., ¶ 9.  Retail sales – the principal revenue source for most record companies – declined 7% in 2000, 10% in 2001, and 11% in 2002.  Id. ¶ 9.  Evidence shows that the main reason for this precipitous drop in revenues is that individuals are downloading music illegally for free, rather than buying it.  See In re Aimster Copyright Litig., 334 F.3d at 645.

4

In an effort to stop the rampant copyright infringement over the Internet, Plaintiffs previously utilized the subpoena process codified in 17 U.S.C. § 512(h) of the Digital Millennium Copyright Act ("DMCA") to obtain the identities of infringers. Whitehead Decl., ¶ 14. Since 1998, ISPs routinely have disclosed to Plaintiffs the true names of infringing users in response to DMCA subpoenas. Id. ¶ 15. On December 19, 2003, however, the Court of Appeals for the District of Columbia Circuit ruled that the DMCA subpoena provision could not be used in the D.C. Circuit to obtain information from ISPs performing so-called "conduit" functions. See Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc., 351 F.3d 1229 (D.C. Cir. 2003) ("Verizon"). In Verizon, however, Verizon itself conceded that, as an alternative to using the DMCA subpoena process, Plaintiffs could simply file "John Doe" lawsuits and issue Rule 45 subpoenas to ISPs to obtain the true identities of infringing subscribers. Whitehead Decl., ¶ 15. Accordingly, Plaintiffs are pursuing this alternative in the present case.

## III.    ARGUMENT

Courts routinely allow discovery to identify "Doe" defendants. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery); Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (vacating dismissal; pro se plaintiff should have been permitted to conduct discovery to reveal identity of defendant); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992) (error to deny plaintiff's motion to join John Doe defendant where identity of John Doe could have been determined through discovery); Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) (error to dismiss claim merely because defendant was unnamed; "Rather than dismissing the claim, the court should have ordered disclosure of the Officer Doe's identity"); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged

defendants [are not] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants"); Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980) (where "party is ignorant of defendants' true identity . . . plaintiff should have been permitted to obtain their identity through limited discovery"); United Parcel Serv. of Am., Inc. v. John Does One Through Ten, No. Civ. A. 1-03-CV-1639, 2003 WL 21715365, at *1 (N.D. Ga. June 13, 2003) (authorizing expedited discovery to determine the identity of defendants); see also Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 389 n. 2 (1971) (noting, without discussion, the use of unnamed defendants).

Indeed, in similar copyright infringement cases brought by the Plaintiffs, and/or other record companies, against Doe defendants infringing copyrights over P2P networks, many courts have granted plaintiffs' motions for leave to take expedited discovery. See, e.g., Order, Motown Record Co., L.P. v. Does 1-16, No. 04C 3019 (N.D. Ill. May 24, 2004); Order, Arista Records, Inc. v. John Doe, Cause No. 4:04CV0036AS (N.D. Ind. May 24, 2004); Order, Arista Records, Inc. v. Does 1-9, Case No. H:04-1677 (S.D. Tex. May 20, 2004); Order, UMG Recordings, Inc. v. Does 1-2, No. CV04-0960 (RSL) (W.D. Wash. May 14, 2004); Order, Elektra Entertainment Group v. Does 1-5, Civil Action No. 3:CV-04-940 (M.D. Pa. May 11, 2004); Order, Loud Records, LLC v. Does 1-5, No. CV-04-0134-RHW (E.D. Wash. May 10, 2004); Order, Interscope Records v. Does 1-37, Case No. A-04-CA-237 LY (W.D. Tex. May 6, 2004); Order, BMG Music v. Does 1-9, Case No. 5:04-cv-58 (W.D. Mich. May 6, 2004); Order, Warner Bros. Records Inc. v. Does 1-35, No. 2:04-cv-00084-WOB (E.D. Ky. May 4, 2004); Order, Sony Music Entertainment Inc. v. Does 1-2, Civil No. 04-1758 (DSD/JSM) (D. Minn. May 4, 2004); Order, London-Sire Records Inc. v. John Doe, Civil Action No. 7:04CV00208

(W.D. Va. May 3, 2004); Order, Virgin Records Am., Inc. v. Does 103, Civil Action No. 3-04-cv-701 (JCH) (D. Conn. April 29, 2004); Order, Maverick Recording Co. v. Does 1-4, Case No. C-04-1135 MMC (N.D. Cal. April 28, 2004); Order, Maverick Recording Co. v. Does 1-2, Case No. 04-CV-149 ML (D.R.I. April 28, 2004); Order, Sony Music Entertainment Inc. v. Does 1-200, No. 4:-04-CV-339 CEJ (E.D. Mo. April 22, 2004); Order, Loud Records, LLC v. Does 1-4, Case No. 04-C-289 (E.D. Wis. April 22, 2004); Order, Virgin Records Am., Inc. v. John Doe, Civil No. PJM 04-964 (D. Md. April 19, 2004); Order, Fonovisa, Inc. v. Does 1-67, Civ. Action No. 04-WM-548 (PAC) (D. Colo. April 7, 2004); Order, Warner Bros. Records Inc. v. Does 1-9, Case 04-71058 (E.D. Mich. April 5, 2004); Order, Atlantic Recording Corp. v. Does 1-13, Case No. 1:04CV316 (E.D. Va. April 2, 2004); Order, London-Sire Records, Inc. v. Does 1-4, Case No. CV 04-1962 ABC (AJWx) (C.D. Cal. April 2, 2004); Order, Arista Records, Inc. v. Does 1-143, Case No. 4:04CV93 (E.D. Tex. Mar. 30, 2004); Order, Interscope Records v. Does 1-7, No. 3-04-0240 (M.D. Tenn. Mar. 29, 2004); Order, Interscope Records. v. Does 1-4, No. CV-04-131 TUC-JM (D. Ariz. Mar. 25, 2004); Order, Interscope Records v. Does 1-5, Cause No. 1:04-CV-0542-DFH-TAB (S.D. Ind. Mar. 25, 2004); Memorandum Opinion and Order, UMG Recordings, Inc. v. Does 1-199, Civil Action No. 04-093 (CKK) (D.D.C. Mar. 10, 2004); Order, BMG Music v. Does 1-203, Civil Action No. 04-650 (E.D. Pa. March 5, 2004); Order, Virgin Records Am., Inc. v. Does 1-44, No. 1:04-CV-438-CC (N.D. Ga. Mar. 3, 2004); Order, Elektra Entm't Group, Inc. v. Does 1-7, Civ. Act. No. 3:04-CV-00607-GEB-SRC (D.N.J. Feb. 17, 2004); Order, Capitol Records, Inc. v. Does 1-250, No. 04 CV 472 (LAK) (S.D.N.Y. Jan. 26, 2004) (true and correct copies of these thirty Orders are attached hereto as Exhibit A). This Court should follow the well-reasoned decisions of these courts.

Courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes "good cause" for such discovery. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Entertainment Tech. Corp. v. Walt Disney Imagineering, No. Civ. A. 03-3546, 2003 WL 22519440, at *4 (E.D. Pa. October 2, 2003) (applying a reasonableness standard; finding that, absent extraordinary circumstances, "a district court should decide a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances") (quotations omitted); Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (applying a good cause standard). Plaintiffs easily have met this standard.

First, good cause exists where, as here, the complaint alleges claims of infringement. See Semitool, 208 F.R.D. at 276; Qwest Comm., 213 F.R.D. at 419 ("The good cause standard may be satisfied . . . where the moving party has asserted claims of infringement and unfair competition."); Benham Jewelry Corp. v. Aron Basha Corp., No. 97 CIV 3841, 1997 WL 639037, at *20 (S.D.N.Y. Oct. 14, 1997). This is not surprising since such claims necessarily involve irreparable harm to the plaintiff. 4 Melville B. Nimmer & David Nimmer, Nimmer On Copyright § 14.06[A], at 14-103 (2003); see also Health Ins. Ass'n of Am. v. Novelli, 211 F. Supp. 2d 23, 28 (D.D.C. 2002) ("A copyright holder [is] presumed to suffer irreparable harm as a matter of law when his right to the exclusive use of copyrighted material is invaded.") (quotations and citations omitted); see also Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1034, 1042 (8th Cir. 2003); ABKCO Music, Inc. v. Stellar Records, Inc., 96 F.3d 60, 66 (2d Cir. 1996).

8

Second, good cause exists here because there is very real danger the ISP will not long preserve the information that Plaintiffs seek. As discussed above, ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. Whitehead Decl., ¶ 22. If that information is erased, Plaintiffs will have *no* ability to identify the Defendants, and thus will be unable to pursue their lawsuit to protect their copyrighted works. Id. Where "physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation," good cause for expedited discovery exists. See Qwest Comm., 213 F.R.D. at 419; Pod-Ners, LLC v. Northern Feed & Bean, 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing Plaintiff expedited discovery to inspect "beans" in defendant's possession because the beans might no longer be available for inspection if discovery proceeded in the normal course).

Third, good cause exists because the narrowly tailored discovery requests do not exceed the minimum information required to advance this lawsuit and will not prejudice Defendants. See Semitool, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."). Plaintiffs seek immediate discovery to identify the Defendants; information that may be erased very soon. Plaintiffs (who continue to be harmed by Defendants' copyright infringement, Whitehead Decl., ¶ 9), cannot wait until after the Rule 26(f) conference (ordinarily a prerequisite before propounding discovery) because there are no known Defendants with whom to confer (and thus, no conference is possible). There is no prejudice to the Defendants because Plaintiffs merely seek information to identify the Defendants and to serve them, and Plaintiffs agree to use the information disclosed pursuant to their subpoenas only for the purpose of protecting their rights under the copyright laws. Moreover, Plaintiffs anticipate

that the ISP in this case (a college) will notify the Defendants of Plaintiffs' subpoena and thus

that the Defendants will have an opportunity to file a motion to quash prior to disclosure of their

identities.  Notably, Plaintiffs have filed suit against hundreds of Doe defendants nationwide, and

there have only been a handful of motions to quash, all of which have been denied.  See Elektra

Entm't Group, Inc. v. Does 1-9, 2004 WL 2095581, at *8 (S.D.N.Y. Sept. 8, 2004); Sony Music

Entm't Inc. v .Does 1-40, 326 F. Supp. 2d 556, 568 (S.D.N.Y. 2004); Motown Record Co., L.P.

v. Does 1-252, No. 1:04-CV-439-WBH (N.D. Ga. Aug. 16, 2004) (denying two motions to

quash); Sony Music Entm't Inc. v. Does 1-206, No. 1:04-cv-1023-HHK (D.D.C. Sept. 2, 2004)

(denying motion to quash in minute order).

       Fourth, courts regularly grant expedited discovery where such discovery will

"substantially contribute to moving th[e] case forward."  Semitool, 208 F.R.D. at 277.  Here, the

present lawsuit cannot proceed without the limited, immediate discovery Plaintiffs seek because

there is no other information Plaintiffs can obtain about Defendants without discovery from the

ISP.  As shown by the Declaration of Jonathan Whitehead, Plaintiffs already have developed a

substantial case on the merits against each infringer.  Plaintiffs' complaint alleges a *prima facie*

claim for direct copyright infringement.  Plaintiffs have alleged that they own and have

registered the copyrights in the works at issue, and that Defendants copied or distributed those

copyrighted works without Plaintiffs' authorization.  See Complaint.  These allegations state a

claim of copyright infringement.  Nimmer On Copyright § 31.01, at 31-3 to 31-7; Feist

Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).  In addition, Plaintiffs have

copies of a sample of the sound recordings each Defendant illegally distributed or made available

for distribution, and have made a copy of a more complete list of files each Defendant has made

available for distribution to the public.  See Complaint Ex. A; Whitehead Decl., ¶¶ 16-17 and Ex.

1. These more complete lists show many hundreds of files, many of them sound recordings (MP3 files) that are owned by, or exclusively licensed to, Plaintiffs. See Whitehead Decl., ¶ 17 and Ex. 1. Plaintiffs believe that virtually all of the sound recordings have been downloaded, distributed and/or offered for distribution to the public without permission or consent of the respective copyright holders. Id. ¶ 17. Absent limited, immediate discovery, Plaintiffs will be unable to obtain redress for any of this infringement.

## IV.    CONCLUSION

For the foregoing reasons, the Court should grant the Motion and enter an Order substantially in the form of the attached proposed Order.

DATED: _____ 11/18/04 _____

Respectfully submitted,

By: _____

Colin J. Zick (BBO No. 556538)
Gabriel M. Helmer (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Phone: (617) 832-1000
Fax:    (617) 832-7000

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOTOWN RECORD COMPANY, L.P., a California limited partnership; INTERSCOPE RECORDS, a California general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; WARNER BROS RECORDS INC., a Delaware corporation; PRIORITY RECORDS LLC, a California limited liability company; CAPITOL RECORDS, INC., a Delaware corporation; ARISTA RECORDS, INC., a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; LOUD RECORDS, LLC, a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation, | No. 04 C 3619 |
| Plaintiffs, | |
| vs. | |
| DOES 1 - 16, | |
| Defendants. | |

## ORDER GRANTING PLAINTIFFS' _EX PARTE_ MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the _Ex Parte_ Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on WideOpenWest Holdings LLC to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs rights under the Copyright Act.

IT IS FURTHER ORDERED THAT WideOpenWest shall preserve the data, records and information responsive to the subpoena that will be served by the Plaintiffs.

IT IS FURTHER ORDERED THAT if and when WideOpenWest is served with a subpoena, within five (5) business days thereof it shall notify each Doe Defendant (WideOpenWest subscribers) of the existence of this lawsuit and of receipt of Plaintiffs' subpoena whereby Plaintiffs are seeking to learn the subscribers' identities. After WideOpenWest gives such notice to the Doe Defendants, any Doe Defendant may raise an objection in the form of a motion to quash at the status conference which the Court has scheduled for June 15, 2004, 9:30 a.m. in Courtroom 1858, Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois 60604. WideOpenWest shall include in its notice to the Doe Defendants notice of this status conference.

IT IS FURTHER ORDERED THAT counsel for the Plaintiffs shall provide a copy of this Order to WideOpenWest when the subpoena is served.

Dated: _5/24/04_

_____
United States Magistrate Judge Nan R. Nolan

2

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### LAFAYETTE DIVISION

ARISTA RECORDS, INC., a Delaware )
corporation; ELEKTRA ENTERTAINMENT )
GROUP INC., a Delaware corporation; )
MOTOWN RECORD COMPANY, L.P., a )
California limited partnership; SONY MUSIC )
ENTERTAINMENT INC., a Delaware ) Cause No.:
corporation; UMG RECORDINGS, INC., a )     **4:04CV0036AS**
Delaware corporation; and WARNER BROS. )
RECORDS INC., a Delaware corporation, )
                                       )
            Plaintiffs,                )
                                       )
      v.                               )
                                       )
JOHN DOE,                              )
                                       )
            Defendant.                 )

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

This matter coming before the Court upon Plaintiffs' Motion for Leave to Take

Immediate Discovery, and the Court being duly advised, hereby

ORDERS that Plaintiffs may serve immediate discovery on Northwest Indiana

Internet Services, Inc. to obtain the identity of the Doe Defendant by serving a Rule 45 subpoena

that seeks information sufficient to identify the Doe Defendant, including the name, address,

telephone number, e-mail address, and Media Access Control addresses for the Defendant. The

disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _5/24/2004_                       _s/Allen Sharp_
                                          United States District Judge


Copies to:

James Dimos #11178-49
Joel E. Tragesser #21414-29
LOCKE REYNOLDS LLP
201 North Illinois Street
Suite 1000
P.O. Box 44961
Indianapolis, IN 46244-0961
jdimos@locke.com
jtragesser@locke.com

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAY 2 4 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| ARISTA RECORDS, INC., a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; PRIORITY RECORDS LLC, a California limited liability company; UMG RECORDINGS, INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; BMG MUSIC, a New York general partnership; and INTERSCOPE RECORDS, a California general partnership, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Case No.: |
| Plaintiffs, | | |
| vs. | | |
| DOES 1 - 9, | | |
| Defendants. | | |

**H 04 - 1677**

## ORDER GRANTING PLAINTIFFS' EXPEDITED *EX PARTE* MOTION FOR ORDER PERMITTING THIRD-PARTY DISCOVERY PRIOR TO FED. R. CIV. P. 26(f) CONFERENCE

Upon the Expedited *Ex Parte* Motion of Plaintiffs for Order Permitting Third-Party Discovery Prior to Fed. R. Civ. P. 26(f) Conference and Memorandum of Law in Support, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Texas A&M University to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: May 20, 2004

_____
United States District Judge

2

04-CV-00960-IFP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

UMG RECORDINGS, INC., a Delaware
corporation; ATLANTIC RECORDING
CORPORATION, a Delaware corporation;
WARNER BROS. RECORDS INC., a
Delaware corporation; SONY MUSIC
ENTERTAINMENT INC., a Delaware
corporation; BMG MUSIC, a New York
general partnership; and VIRGIN
RECORDS AMERICA, INC., a California
corporation,

                    Plaintiffs,

        v.

DOES 1 - 2,

                    Defendants.

No. C04-0960(C)-L

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO
TAKE IMMEDIATE DISCOVERY

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the

supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the

exhibit thereto, it is hereby:

        ORDERED that Plaintiffs may serve immediate discovery on Microsoft Corporation

to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks

information sufficient to identify each Doe Defendant, including the name, address,

telephone number, e-mail address, and Media Access Control addresses for each Defendant.

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO
TAKE IMMEDIATE DISCOVERY
Page 1

YARMUTH WILSON CALFO PLLC
THE IDX TOWER
925 FOURTH AVENUE, SUITE 2500
SEATTLE, WA 98104
T 206 516 3800 F 206 516 3888

1    IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in

2    response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of

3    protecting Plaintiffs' rights under the Copyright Act.

4

5    Dated: _May 14, 2004_                    _____

6                                            United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO
TAKE IMMEDIATE DISCOVERY
Page 2

YARMUTH WILSDON CALFO PLLC
THE IDX TOWER
925 FOURTH AVENUE, SUITE 2500
SEATTLE, WA 98104
T 206 616 3600  F 206 516 3888

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ELEKTRA ENTERTAINMENT
GROUP INC., a Delaware
corporation; MOTOWN RECORD
COMPANY, L.P., a California
limited partnership; ATLANTIC
RECORDING CORPORATION, a
Delaware corporation; UMG
RECORDINGS, INC., a Delaware
corporation; CAPITOL RECORDS,
INC., a Delaware corporation; SONY
MUSIC ENTERTAINMENT INC., a
Delaware corporation; WARNER
BROS. RECORDS INC., a Delaware
corporation; BMG MUSIC, a New
York general partnership; VIRGIN
RECORDS AMERICA, INC., a
California corporation; and ARISTA
RECORDS, INC., a Delaware
corporation,

          Plaintiffs,

    v.

DOES 1 - 5,

          Defendants.

CIVIL ACTION NO.

FILED
SCRANTON
MAY 1 1 2004
Per_____
DEPUTY CLERK

**3 : CV - 04 - 940**

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery

and the supporting Memorandum of Law, and the declaration of Jonathan

Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on

Mansfield University to obtain the identity of each Doe Defendant by serving a

Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant,

including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: *May 11, 2004*

_____
United States District Judge

1

2

3

4

5

6

7
FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 10 2004

JAMES R. LARSEN, CLERK
DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LOUD RECORDS, LLC, a
Delaware corporation; WARNER
BROS. RECORDS INC., a
Delaware corporation; ATLANTIC
RECORDING CORPORATION, a
Delaware corporation; VIRGIN
RECORDS AMERICA, INC., a
California corporation; PRIORITY
RECORDS LLC, a California
limited liability company;
ELEKTRA ENTERTAINMENT
GROUP INC., a Delaware
corporation; BMG RECORDINGS,
INC, a Delaware corporation;
ARISTA RECORDS, INC., a
Delaware corporation; BMG
MUSIC, a New York general
partnership; SONY MUSIC
ENTERTAINMENT INC., a
Delaware corporation; MAVERICK
RECORDING COMPANY, a
California joint venture; and
CAPITOL RECORDS, INC., a
Delaware corporation,

      Plaintiffs,

  v.

DOES 1-5,

      Defendants.

NO.  CV-04-0134-RHW

**ORDER GRANTING PLAINTIFFS'
MOTION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      Before the Court is Plaintiffs' Motion for Leave to Take Immediate
Discovery (Ct. Rec. 7).  The Plaintiffs, members of the Recording Industry
Association of America, Inc. ("RIAA"), have filed a complaint alleging that DOES

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY * 1

1  1-5 illegally engaged in uploading and downloading copyrighted recordings
2  through www.KaZaA.com, a peer to peer ("P2P") internet service (Ct. Rec. 1).
3  While Plaintiffs are unable to identify the Does, they collected records of
4  Defendants' Internet Protocol ("IP") address, the times the downloads or uploads
5  took place, and information regarding the specific recordings that were
6  downloaded or uploaded. The Plaintiffs were able to ascertain from Defendants'
7  IP addresses that they were utilizing Gonzaga University as their Internet Service
8  Provider ("ISP"). Plaintiffs seek statutory damages under 17 U.S.C. § 504(c),
9  attorneys fees and costs pursuant to 17 U.S.C. § 505, and injunctive relief under
10 17 U.S.C. §§ 502 and 503.

11        In their Motion for Leave to Take Immediate Discovery, the Plaintiffs seek
12 leave to serve Gonzaga University, the ISP for Does 1-5, with a Rule 45 Subpoena
13 Duces Tecum, requiring Gonzaga University to reveal the Defendant's names,
14 addresses, email addresses, telephone number, and Media Access Control
15 ("MAC") addresses.

16        The Ninth Circuit has held that "where the identity of alleged defendants
17 will not be known prior to the filing of a complaint . . . . the plaintiff should be
18 given an opportunity through discovery to identify the unknown defendants,
19 unless it is clear that discovery would not uncover the identities, or that the
20 complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d
21 637, 642 (9th Cir. 1980). Presumably, the discovery device anticipated by this
22 ruling was Rule 45, under which a party may compel a nonparty to produce
23 documents or other materials that could reveal the identities. *See Pennwalt Corp.*
24 *v. Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 1983). The Court finds that this
25 instance presents the very situation indicated by *Gillespie*. The Plaintiffs' case
26 relies on the disclosure of the Does' identities, and those identities are likely
27 discoverable from a third party.

28        Under Rule 26(d), Rule 45 subpoenas should not be served prior to a Rule

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY * 2

1 | 26(f) conference unless the parties can show good cause. Fed. R. Civ. P. 26(d) ("a
2 | party may not seek discovery from any source before the parties have conferred as
3 | required by Rule 26(f) . . . . [u]nless the court upon motion . . . . orders
4 | otherwise"); *see Semitool, Inc. V. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-
5 | 76 (N.D. Cal. 2002). The Plaintiffs have presented compelling evidence that the
6 | records kept by ISP providers of IP addresses are regularly destroyed. Thus, good
7 | cause has been shown.

8 |     Accordingly, **IT IS ORDERED** that:

9 |     1.    Plaintiffs' Motion for Leave to Take Immediate Discovery (Ct. Rec.
10 | 7) is **GRANTED**.

11 |     2.    Plaintiffs are **GIVEN LEAVE** to serve immediate discovery on
12 | Gonzaga University to obtain the identity of each Doe Defendant by serving a
13 | Rule 45 subpoena duces tecum that seeks each Doe Defendants' name, address,
14 | telephone number, email address, and Media Access Control address. As agreed
15 | by Plaintiffs, this information disclosed will be used solely for the purpose of
16 | protecting their rights under the copyright laws.

17 |     3.    Plaintiffs are **ORDERED** to review Local Rule 7.1(g)(2) regarding the
18 | citation of unpublished decisions. All unpublished decisions cited to the Court
19 | have been disregarded.

20 |     **IT IS SO ORDERED.** The District Court Executive is hereby directed to
21 | enter this order and to furnish copies to counsel of record.

22 |     **DATED** this __10__ day of May, 2004.

23

24

25 |            ROBERT H. WHALEY
           United States District Judge

26

27 | Q:\Civil\2004\Loud Records\Loud.immediatediscovery.order.wpd

28

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY * 3

IN THE UNITED STATES DISTRICT COURT ~~FILED~~
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2004 MY -6 AM 11: 24

U.S. CLERK'S OFFICE ~~TEXAS~~

BY

INTERSCOPE RECORDS, a California §
general partnership, ET AL., §
§
    Plaintiffs, §
§
V. §        A-04-CA-237 LY
§
DOES 1-37, §
§
    Defendants. §

## ORDER

Before the Court is Plaintiffs' Expedited *Ex Parte* Motion for Order Permitting Third-Party Discovery Prior to Fed. R. Civ. P. 26(f) Conference, filed April 28, 2004 (Clerk's Dkt. #2). The motion was referred to United States Magistrate Judge Robert Pitman for resolution pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72 and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Plaintiffs, members of the Recording Industry Association of America, Inc. ("RIIA"), are record companies holding copyrights for numerous sound recordings. (Compl. ¶22). They allege each Defendant has, without permission, used the Internet to download, and/or make available for download to others, various copyrighted sound recordings. (*Id.* ¶24). Plaintiffs contend these actions constitute copyright infringement, entitling them to damages from the Defendants. (*Id.* ¶¶24-26).

Plaintiffs now seek expedited discovery from a third party for the purpose of identifying Defendants Does 1-37. Specifically, they wish to issue a Rule 45 subpoena to Grande Communications, an Internet Service Provider ("ISP"). Plaintiffs request permission to obtain names and addresses for persons they believe are offering copyrighted sound recordings for download over the Internet.



A party is generally not entitled to seek discovery from any source prior to a Rule 26(f) conference with the opposing parties. FED. R. CIV. P. 26(d). Early discovery may, however, be authorized by court order upon a showing of good cause. *Qwest Comms. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Semitool, Inc. v. Tokyo Elec. Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001); *Ellsworth Assoc., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996).

According to Plaintiffs, they have no means of identifying each Doe Defendant without the requested discovery. In support of their motion, Plaintiffs have submitted a declaration from Jonathan Whitehead ("Whitehead"), Vice President and Counsel for Online Copyright Protection for RIAA. Whitehead avers that the RIAA has downloaded and listened to a sample of music files offered for download on a P2P network by each Defendant.[1] (Whitehead Decl. ¶16). The RIIA, thus, has a record of the recordings offered for download, the date and time the infringing activity was observed, as well as the Internet Protocol ("IP") address assigned to each Defendant at the time. (*Id.* ¶¶16-17).

According to Whitehead, the IP address, in combination with publicly available databases, allowed the RIAA to determine the ISP used by each Defendant. (*Id.* ¶12). In this case, the RIAA determined the ISP for each Defendant was Grande Communications. (*Id.* ¶16). Whitehead maintains the RIAA is unable to make any further specific identification because an ISP owns a range of IP addresses, but assigns a specific address only when that subscriber actually goes online. (*Id.* ¶14 n.8).

Plaintiffs should be afforded the opportunity to obtain discovery relevant to the identification

---

[1] A P2P, or peer to peer, network allows individuals with a personal computer and access to the internet to offer digital copies of recordings for download by other users. These programs, such as KaZaA, Morpheus, Grokster, and eDonkey, allow an Internet user to directly search the .mp3 file libraries of other users. Thus, no specific web site is involved, or subject to liability. *Recording Industry Ass'n v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1231-32 (D.C. Cir. 2003).

of defendants they contend are liable to them. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (dismissal of action against unnamed defendant not required as identity might be ascertained through discovery); *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (dismissal for want of prosecution improper where plaintiff not permitted to conduct discovery to identify defendant). *See also Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 351-52 (5th Cir. 1989) (complaint should not be dismissed for failure to demonstrate standing without providing plaintiff opportunity to supply more supportive facts). As they point out, without identification of the Defendants, the type of conference contemplated under Rule 26(f) is impossible. Thus, they have established good cause for the necessity of engaging in discovery at this early stage of the proceedings.

Accordingly, Plaintiffs' Expedited *Ex Parte* Motion for Order Permitting Third-Party Discovery Prior to Fed. R. Civ. P. 26(f) Conference (Clerk's Dkt. #2) is hereby **GRANTED**. Plaintiffs may serve immediate discovery on Grande Communications to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, that is, the name, address, telephone number, e-mail address and Media Access Control address for each Defendant. The disclosure of this information is governed by the provisions of 47 U.S.C. § 511(c)(2)(B). Any information disclosed to Plaintiffs in response to the subpoena may be used solely for the purpose of protecting Plaintiff's rights under the Copyright Act.

SIGNED this **6** day of May, 2004.

ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BMG MUSIC, a New York general partnership;
ATLANTIC RECORDING CORPORATION,
a Delaware corporation; ELEKTRA
ENTERTAINMENT GROUP INC., a Delaware
corporation; MOTOWN RECORD COMPANY, L.P.,
a California limited partnership; ARISTA
RECORDS, INC., a Delaware corporation;
WARNER BROS. RECORDS INC., a Delaware
corporation; CAPITOL RECORDS, INC., a
Delaware corporation; SONY MUSIC
ENTERTAINMENT INC., a Delaware
corporation; UMG RECORDINGS, INC., a
Delaware corporation; VIRGIN RECORDS
AMERICA, INC., a California corporation;
and MAVERICK RECORDING COMPANY,
a California joint venture,

        Plaintiffs,

v.

DOES 1 - 9,

        Defendants.

_____/

Case No. 5:04-cv-58

Hon. Wendell A. Miles

## ORDER GRANTING PLAINTIFFS' *EX PARTE* MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

    The plaintiffs in this action have asserted claims of copyright infringement against nine

unknown or "Doe" defendants. The complaint, filed on April 28, 2004, alleges that each defendant

disseminated over the Internet copyrighted musical works owned or controlled by the plaintiffs,

doing so without plaintiffs' consent or permission.

    The matter is currently before the court on Plaintiffs' *Ex Parte* Motion for Leave to Take

Immediate Discovery (docket no. 3). Plaintiffs' motion is supported by the Declaration of Jonathan

Whitehead (docket no. 6). In their motion, which is made *ex parte* because plaintiffs do not

currently know the names of the defendants, plaintiffs seek discovery in advance of the conference

provided by Fed.R.Civ.P. 26(f) so that they may obtain information which will enable them to

identify and serve the defendants. More specifically, plaintiffs seek leave to serve a Fed.R.Civ.P. 45

subpoena on Michigan State University ("MSU"), which plaintiffs contend they have been able to

identify as the Internet Service Provider of each of the defendants. Although the plaintiffs do not so

state in their motion, the court has inquired of plaintiffs whether they have notified MSU of the

pendency of this action and of the motion for discovery. Plaintiffs have responded to these inquiries

in the affirmative, and have represented that MSU has communicated to plaintiffs that it does not

intend to object to the discovery.

Given plaintiffs' allegations, it is apparent that this action will not advance to service of the

summons and complaint unless and until plaintiffs are able to learn the defendants' identifying

information. For that reason, the court GRANTS the plaintiffs' motion and hereby ORDERS as

follows:

1. Plaintiffs may serve immediate discovery on MSU to obtain the identity of each Doe

defendant by serving a Fed.R.Civ.P. 45 subpoena that seeks information sufficient to identify each

Doe defendant. This information shall be limited to the name, address, telephone number, e-mail

address, and Media Access Control address for each defendant.

2. Any information disclosed to plaintiffs by MSU in response to the subpoena may be used

by plaintiffs solely for the purpose of protecting plaintiffs' rights under the Copyright Act.

3. Plaintiffs shall serve upon MSU a copy of this Order together with any subpoena.

Ordered this 6th day of May, 2004.

> /s/ Wendell A. Miles
> Wendell A. Miles
> Senior U.S. District Judge

2

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
### COVINGTON DIVISION

WARNER BROS. RECORDS INC., a
Delaware corporation; ARISTA
RECORDS, INC., a Delaware corporation;
VIRGIN RECORDS AMERICA, INC., a
California corporation; MAVERICK
RECORDING COMPANY, a California
joint venture; BMG MUSIC, a New York
general partnership; ATLANTIC
RECORDING CORPORATION, a
Delaware corporation; ELEKTRA
ENTERTAINMENT GROUP INC., a
Delaware corporation; CAPITOL
RECORDS, INC., a Delaware corporation;
PRIORITY RECORDS LLC, a California
limited liability company; MOTOWN
RECORD COMPANY, L.P., a California
limited partnership; UMG RECORDINGS,
INC., a Delaware corporation;
INTERSCOPE RECORDS, a California
general partnership; and SONY MUSIC
ENTERTAINMENT INC., a Delaware
corporation,

      Plaintiffs,

          vs.

DOES 1 - 35,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No.: 04 - 84

Eastern District of Kentucky
**FILED**

MAY - 4 2004

AT COVINGTON
LESLIE G WHITMER
CLERK U.S. DISTRICT COURT

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Insight Midwest, L.P. to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _May 4, 2004_     _William O. Bertelsman_
United States District Judge

2

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-1758(DSD/JSM)

Sony Music Entertainment,
Inc., a Delaware corporation;
Elektra Entertainment Group,
Inc., a Delaware corporation;
BMG Music, a New York general
partnership; Warner Bros.
Records, Inc., a Delaware
corporation, UMG Recordings,
Inc., a Delaware corporation;
Atlantic Recording Corporation,
a Delaware corporation; and
Virgin Records America, Inc.,
a California corporation,

        Plaintiffs,

v.

                                        **ORDER**

Does 1-2,

        Defendants.

        Felicia J. Boyd, Esq., Kara L. Benson, Esq. and Faegre &
        Benson, 2200 Wells Fargo Center, 90 South Seventh Street,
        Minneapolis, MN 55402, counsel for plaintiffs.

      This matter is before the court upon plaintiffs' ex parte
motion for leave to take immediate discovery.  Plaintiffs own
numerous copyrights in sound recordings.  They allege that
defendants have infringed some of those copyrights.  In the present
motion, plaintiffs seek leave to obtain limited discovery from a
third-party internet service provider ("ISP") to determine the
defendants' true identities.  Plaintiffs assert that without this
limited discovery, they will be unable to identify the defendants,

vindicate their rights under the Copyright Act or protect their works from further infringement. For the following reasons, plaintiffs' motion is granted.

## BACKGROUND

Defendants are alleged to have used an online media distribution system to download, copy, distribute and make available for distribution by others many of plaintiffs' copyrighted works. (Whitehead Decl. ¶ 16 & Ex. 1.) Plaintiffs have identified the Doe defendants by the unique Internet Protocol ("IP") addresses assigned to them at the time the alleged infringement occurred. (Id. ¶¶ 12, 16.) Plaintiffs have obtained lists of the sound files which they allege defendants made available to the public for copying and redistribution. (Id. Ex. 1.)

Plaintiffs identify the University of Minnesota as the ISP that provided internet access to the Doe defendants. (Id. ¶¶ 12, 16.) ISPs are capable of matching an IP address to its assigned user through subscriber activity logs. However, such logs are generally kept for a limited period of time. Therefore, plaintiffs seek leave to immediately serve limited discovery requests upon the University of Minnesota via Rule 45 subpoena. See Fed. R. Civ. P.

2

45.  Plaintiffs agree to request only the name, address, telephone number, e-mail address and Media Access Control address of each defendant.

## DISCUSSION

It is well settled in this circuit that plaintiffs may use discovery to identify Doe defendants. See Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). Plaintiffs may seek expedited discovery where good cause is shown. See, e.g., Intermedia Partners SE, Gen. P'ship v. QB Distrib's. L.L.C., 999 F. Supp. 1274, 1278 (D. Minn. 1998) (granting TRO and expedited discovery where plaintiff alleged piracy of cable broadcast programming in violation of the Communications Act of 1934); Tonka Corp. v. Tsaisun, Inc., 1989 WL 29980, at *1 (D. Minn. Nov. 6, 1986) (allowing expedited discovery in copyright action).

In this case, plaintiffs have shown good cause for limited discovery, because they stand to suffer irreparable harm, the information they seek is necessary to further the litigation, it is unavailable by any other means and it may be short lived. Further, the court finds no prejudice to defendants, because plaintiffs may use the information discovered solely for the purpose of protecting their rights under the Copyright Act.

3

**CONCLUSION**

For the reasons stated, **IT IS HEREBY ORDERED** that:

1.   Plaintiffs' motion for leave to take immediate discovery [Docket No. 3] is granted.

2.   Plaintiffs may immediately serve a Rule 45 subpoena on the University of Minnesota to obtain the identity of each defendant.

3.   Plaintiffs may use any information so discovered solely for the purpose of protecting their rights under the Copyright Act.

Dated:   May 4, 2004

s/David S. Doty
David S. Doty, Judge
United States District Court

4

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAY 0 3 2004

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

LONDON-SIRE RECORDS INC., et al.,        )
                                          )
            Plaintiffs,                   )        Civil Action No.: 7:04CV00208
                                          )
v.                                        )        **ORDER**
                                          )
                                          )        By: Hon. Glen E. Conrad
JOHN DOE,                                 )        United States District Judge
                                          )
            Defendant.                    )

This case is before the court on Plaintiffs' Motion for Leave to Take Immediate

Discovery.  Upon consideration of Plaintiffs' Motion and supporting Memorandum of Law, as

well as the declaration of Jonathan Whitehead, it is hereby

ORDERED

that Plaintiffs may initiate immediate discovery prior to the conduct of a Rule 26(f) conference.

The Clerk is directed to send a certified copy of this Order to counsel for all parties.

ENTER: This _____3rd_____ day of May, 2004.

_____
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VIRGIN RECORDS AMERICA, INC.  :
ET AL                     :
    Plaintiffs           :        CIVIL ACTION NO.
                        :        3-04-cv-701 (JCH)
v.                         :
                        :
DOES 1 - 3              :        APRIL 29, 2004
    Defendants         :

**ORDER GRANTING PLAINTIFFS'**
**MOTION FOR EXPEDITED DISCOVERY [DKT. NO. 5-1]**

Upon the Motion of plaintiffs for Expedited Discovery, the supporting

Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto,

the court finds there is good cause for expedited discovery, in particular, to preserve

evidence and to identify the defendants for service.

It is therefore ORDERED that:

1.     Plaintiffs may serve immediate discovery on Patriot Media &

Communications ("Patriot") to obtain the identity of Doe defendants 1, 2 and 3 by serving

a Rule 45 subpoena that seeks information sufficient to identify each Doe defendant,

including the name, address, telephone number, e-mail address, and Media Access Control

address for each defendant.

2.     If and when Patriot is served with a subpoena, within five business days

thereof, it shall give notice (notice via email is sufficient) of the subpoena to the subscribers

in question. If Patriot and/or any defendant wishes to move to quash the subpoena, the

party must do so before the return date of the subpoena, which will be 15 business days from the date of service.

3.    If and when Patriot is served with a subpoena, Patriot shall immediately preserve the subpoenaed information in question pending resolution of any timely-filed motion to quash; and

4.    Counsel for plaintiffs shall provide a copy of this Order to Patriot along with the subpoena.

5.    The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court.

IT IS FURTHER ORDERED THAT any information disclosed to plaintiffs in response to the Rule 45 subpoena shall be used by plaintiff solely for the purpose of protecting plaintiffs' rights under the Copyright Act.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 29th day of April, 2004.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

1    JEFFREY G. KNOWLES (State Bar # 129754)
     JULIA D. GREER (State Bar # 200479)
2    ZUZANA J. SVIHRA (State Bar # 208671)
     COBLENTZ, PATCH, DUFFY & BASS, LLP
3    One Ferry Building, Suite 200
     San Francisco, California 94111
4    Telephone: (415) 391-4800
     Facsimile:  (415) 989-1663
5
     Attorneys for Plaintiffs
6    MAVERICK RECORDING CO.; WARNER BROS.
     RECORDS INC.; ARISTA RECORDS, INC.; VIRGIN
7    RECORDS AMERICA, INC.; UMG RECORDINGS, INC.;
     INTERSCOPE RECORDS; BMG MUSIC; SONY MUSIC
8    ENTERTAINMENT INC.; ATLANTIC RECORDING
     CORP.; MOTOWN RECORD COMPANY, L.P.; and
9    CAPITOL RECORDS, INC.

10                      UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13   MAVERICK RECORDING COMPANY, a          CASE NO. C-04-1135 MMC
     California joint venture; WARNER BROS.
14   RECORDS INC., a Delaware corporation;   [PROPOSED] ORDER GRANTING
     ARISTA RECORDS, INC., a Delaware        PLAINTIFFS' MISCELLANEOUS
15   corporation; VIRGIN RECORDS AMERICA,    ADMINISTRATIVE REQUEST FOR
     INC., a California corporation; UMG      LEAVE TO TAKE IMMEDIATE
16   RECORDINGS, INC., a Delaware            DISCOVERY
     corporation; INTERSCOPE RECORDS, a
17   California general partnership; BMG MUSIC,
     a New York general partnership; SONY
18   MUSIC ENTERTAINMENT INC., a
     Delaware corporation; ATLANTIC
19   RECORDING CORPORATION, a Delaware
     corporation; MOTOWN RECORD
20   COMPANY, L.P., a California limited
     partnership; and CAPITOL RECORDS, INC.,
21   a Delaware corporation,

22                  Plaintiffs,

23          vs.

24   DOES 1 - 4,

25                  Defendants.

26

27

28

                                              [PROPOSED] ORDER

1    Upon the Miscellaneous Administrative Request of Plaintiffs For Leave To Take

2    Immediate Discovery, the Declaration of Jonathan Whitehead and the exhibit thereto, Plaintiffs'

3    Request for Judicial Notice, and the Declaration of Zuzana J. Svihra, it is hereby:

4    ORDERED that Plaintiffs may serve immediate discovery on the University of

5    California, Berkeley to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena

6    that seeks information sufficient to identify each Doe Defendant, including the name, address,

7    telephone number, e-mail address, and Media Access Control addresses for each Defendant.

8    IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in

9    response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting

10   Plaintiffs' rights under the Copyright Act.

11   Without such discovery, Plaintiffs cannot identify the Doe Defendants, and thus

12   cannot pursue their lawsuit to protect their copyrighted works from infringement.

13

14   Dated:  April 28, 2004          James Larson U.S. Magistrate Judge

15                                   ~~United States District Judge~~

16

17

18

19

20

21

22

23

24

25

26

27

28

COBLENTZ, PATCH, DUFFY & BASS, LLP
One Ferry Building, Suite 200, San Francisco, CA 94111-4213
(415) 391-4800  •  (415) 989-1663

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**RECEIVED**

APR 28 2004)

**U.S. DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| MAVERICK RECORDING COMPANY, a California joint venture; UMG RECORDINGS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; BMG MUSIC, a New York general partnership; and SONY MUSIC ENTERTAINMENT INC., a Delaware corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**CA 04 149 ML**

Civil No.

```
            Plaintiffs,        )
                               )
              vs.              )
                               )
DOES 1 - 2,                    )
                               )
            Defendants.        )
```

## ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the *Ex Parte* Application of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, the declaration of Jonathan Whitehead and the exhibit thereto, and Plaintiffs' Request for Judicial Notice it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Brown University to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: _April 28, 2004_

_____
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LOUD RECORDS, LLC, a Delaware corporation;<br>WARNER BROS. RECORDS INC., a Delaware corporation;<br>VIRGIN RECORDS AMERICA, INC., a California<br>corporation;<br>BMG MUSIC, a New York general partnership;<br>ARISTA RECORDS, INC., a Delaware corporation;<br>ELEKTRA ENTERTAINMENT GROUP INC., a Delaware<br>corporation;<br>SONY MUSIC ENTERTAINMENT INC., a Delaware<br>corporation;<br>PRIORITY RECORDS LLC, a California limited liability<br>company;<br>UMG RECORDINGS, INC., a Delaware corporation;<br>ATLANTIC RECORDING CORPORATION, a Delaware<br>corporation; and<br>CAPITOL RECORDS, INC., a Delaware corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>DOES 1 - 4,<br><br>        Defendants. | Case No. 04-C-289 |

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE
## TO TAKE IMMEDIATE DISCOVERY

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the

supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit

thereto, it is hereby ORDERED that Plaintiffs may serve immediate discovery on Marquette

University to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that

seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2004.

SO ORDERED,

s/Rudolph T. Randa
HON. RUDOLPH T. RANDA
Chief Judge

Page -2-

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

04 MAR 01  AM 9: 32

TEXAS-EASTERN

BY

| | | |
|---|---|---|
| ARISTA RECORDS, INC., a Delaware corporation; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; MAVERICK RECORDING COMPANY, a California joint venture; FONOVISA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; INTERSCOPE RECORDS, a California general partnership; PRIORITY RECORDS LLC, a California limited liability company; LOUD RECORDS, LLC, a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; CAPITOL RECORDS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; ATLANTIC RECORDING CORPORATION, a Delaware corporation; CAROLINE RECORDS, INC., a New York corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; and LONDON-SIRE RECORDS INC., a Delaware corporation, | § § § § § § § § § § § § § § § § § § § § § § § | Case No.: 4:04cv93 |
| Plaintiffs, | § § | |
| vs. | § § | |
| DOES 1 - 143, | § § | |
| Defendants. | § § | |

**ORDER GRANTING PLAINTIFFS' EXPEDITED _EX PARTE_ MOTION FOR ORDER PERMITTING THIRD-PARTY DISCOVERY PRIOR TO FED. R. CIV. P. 26(f) CONFERENCE**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

INTERSCOPE RECORDS; VIRGIN     )
RECORDS OF AMERICA, INC;       )
ATLANTIC RECORDING CORP;       )
SONY MUSIC ENTERTAINMENT,      )
INC.; ELEKTRA ENTERTAINMENT    )     No 3-04-0240
GROUP, INC; UMG RECORDINGS,    )
INC.; ARISTA RECORDS, INC.;    )
WARNER BROS. RECORDS INC.;     )
CAPITOL RECORD, INC.;          )
MAVERICK RECORDING COMPANY;    )
and BMG MUSIC                  )
                               )
v.                             )
                               )
DOES 1-7                       )

## O R D E R

The plaintiffs' motion for expedited discovery (Docket Entry No. 3) is GRANTED. The stay of discovery, pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, is hereby LIFTED.

If the defendants cannot be served with summons and the complaint prior to May 10, 2004, plaintiffs' counsel shall notify the office of the undersigned to reschedule the May 10, 2004, initial case management conference.

It is so ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

This document was entered on
the docket in compliance with
Rule 58 and/or Rule 79 (a),
FRCP. on 3/29/04 By ___



Received 03/30/2004 09:44AM in 02:06 on line [11] for RHARRIS * Pg 2/3

FILED _____ JUDGED
RECEIVED _____ COPY

MAR 3 0 2004

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

Interscope Records, et al.,

          Plaintiffs,

v.

Docs 1 - 4,

          Defendants.

No. CV-04-131 TUC - JM

**ORDER**

    Pending before the Court is the Plaintiffs' *ex parte* Motion for Leave to Take Immediate Discovery [Docket No. 2]. Upon consideration of the Motion and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit attached thereto, it is hereby:

    ORDERED that Plaintiffs' Motion for Leave to Take Immediate Discovery [Docket No. 2] is GRANTED;

    IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on the University of Arizona to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant;

    IT IS FURTHER ORDERED that any information disclosed to Plaintiffs in response to the Rule 45 subpoena shall be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint;

1    IT IS FURTHER ORDERED that, if and when the University of Arizona is served
2  with a subpoena, within five (5) business days thereof it shall give written notice, which can
3  include use of e-mail, to the subscribers whose identities are to be disclosed in response to
4  the subpoena.  If the University of Arizona and/or any Defendant wishes to move to quash
5  the subpoena, they shall do so before the return date of the subpoena, which shall be twenty-
6  five (25) business days form the date of service;

7    IT IS FURTHER ORDERED that, if and when the University of Arizona is served
8  with a subpoena, the University of Arizona shall preserve the data and information sought
9  in the subpoena pending resolution of any timely filed motion to quash;

10    IT IS FURTHER ORDERED that counsel for Plaintiffs shall provide a copy of this
11  Order to the University of Arizona when the subpoena is served.

12    Dated this  25  day of March, 2004.

JACQUELINE MARSHALL
UNITED STATES MAGISTRATE JUDGE

2

ENTERED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MAR 2 5 2004

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

INTERSCOPE RECORDS, et al.,          )
                                     )
            Plaintiffs,              )
                                     )
    v.                               ) CAUSE NO. 1:04-cv-0542 DFH-TAB
                                     )
JOHN DOES 1 – 5,                     )
                                     )
            Defendants.              )

ORDER AUTHORIZING IMMEDIATE DISCOVERY

In this action for copyright infringement, plaintiffs Interscope Records and

several recording companies have moved for court permission to serve Rule 45

subpoenas to discover the identity of five defendants.  Plaintiffs have alleged

claims of direct copyright infringement by five defendants through use of "Peer to

Peer" or "P2P" software over the internet.  The defendants are identified by

Internet Protocol ("IP") addresses and the dates and times of the alleged

infringements.  To learn the identities of the defendants, plaintiffs need

information from the Internet Service Provider ("ISP") for the defendants. The ISP

in this case is Indiana University.  Plaintiffs assert that the ISP should be able to

identify the five defendants easily using the available information.



Plaintiffs seek an order authorizing immediate discovery because ISPs typically erase or overwrite data in a relatively short time period. In such circumstances, expedited discovery is needed to avoid the loss of information about the identities of the alleged infringers. The court finds that plaintiffs have shown good cause for launching discovery at this time, and there is no identified defendant with whom plaintiffs could conduct a discovery conference. Because it appears that the information plaintiffs seek may be subject to 47 U.S.C. § 551(c)(2), the court will order the subpoenaed ISP to notify its subscribers of the fact that the subpoena has been received so that the subscribers may have an opportunity to assert any rights they might have related to the discovery.

Accordingly, it is hereby ORDERED that plaintiffs may immediately serve discovery requests on Indiana University to obtain the identities of the John Doe defendants by serving a Rule 45 subpoena for information identifying each defendant, including name, address, telephone number, e-mail address, and Media Access Control addresses for each defendant. Within **seven calendar days** after receiving the subpoena, Indiana University shall notify the persons in question of the receipt of the subpoena pursuant to 47 U.S.C. § 551(c)(2), and Indiana University shall not respond to the subpoena **until at least fourteen calendar days** after it has notified the persons in question. Indiana University shall **immediately** take steps to preserve all subpoenaed information.

-2-

Plaintiffs may use any information disclosed to them in response to the Rule 45 subpoena solely for the purpose of asserting and protecting plaintiffs' rights under the Copyright Act.

So ordered.

Date: March 25, 2004

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

James Dimos
Joel E. Tragesser
Locke Reynolds LLP
201 North Illinois Street
Suite 1000
P.O. Box 44961
Indianapolis, Indiana 46244-0961

jdimos@locke.com
jtragesser@locke.com

-3-

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UMG RECORDINGS, *et al.*,

    Plaintiffs,

    v.

JOHN DOES 1-199,

    Defendants.

Civil Action No. 04-093 (CKK)

**MEMORANDUM OPINION**
(March 10, 2004)

Before the Court is Plaintiffs' motion for leave to take expedited discovery. Plaintiffs are record companies suing a series of John Doe Defendants for copyright infringement. Plaintiffs request permission to serve limited, immediate discovery on Verizon, a third party internet service provider ("ISP"), in the form of a Rule 45 subpoena. Plaintiffs seek the true identities of Defendants, including each Defendant's true name, address, telephone number, email address, and Media Access Control address.

According to Plaintiffs' complaint, each Defendant uses an online media distribution system to download Plaintiffs' copyrighted works, distribute these works to the public, and/or make copyrighted works available for distribution to others. Pls' Mot. at 2. Although Plaintiffs do not know Defendants names, Plaintiffs have identified each Defendant by a unique internet protocol ("IP") address assigned to that Defendant on the date and at the time of the allegedly infringing activity. *Id.* Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant and determined that it belongs to Verizon. *Id.*

Public Citizen, the American Civil Liberties Union ("ACLU"), the Electronic Frontier Foundation, and the ACLU of the National Capitol Area have collectively requested leave to file a memorandum as *amici curiae* addressing Plaintiffs' motion. *See Amici* Mot. Plaintiffs oppose this motion, stating that the issues raised by *amici* are premature. Plaintiffs point out that no party has raised the issues *amici* raises in its memorandum, and that it is well established that *amici* cannot inject issues into a case which have yet to be raised by a party. Pls' Opp. to *Amici* Mot. at 1, 5; *see McCleskey v. Zant*, 499 U.S. 467, 523 n.10 (1991). While Plaintiffs are correct that *amici* raise issues prematurely, the constitutional and procedural issues identified by *amici* can be resolved in the ordinary course of this litigation at the appropriate time. Accordingly, the Court shall Grant *amici*'s motion for leave to file.

It is clear to the Court that Defendants must be identified before this suit can progress further. The Court shall grant Plaintiffs' request for expedited discovery, with certain limitations outlined herein. Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address. The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court. Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint.

If and when Verizon is served with a subpoena, Verizon shall give written notice, which may include email notice, to the subscribers in question within five business days. If Verizon

2

and/or any Defendant wants to move to quash the subpoena, the party must do so before the

return date of the subpoena, which shall be 25 days from the date of service. Verizon shall

preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

Plaintiffs shall provide Verizon a copy of this Memorandum Opinion and Order along with its

subpoena.

     An appropriate Order accompanies this Opinion.


March 10, 2004                                    /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge

3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UMG RECORDINGS, *et al.*,

    Plaintiffs,

    v.

JOHN DOES 1-199,

    Defendants.

Civil Action No. 04-093 (CKK)

**ORDER**
(March 10, 2004)

In keeping with the accompanying Memorandum Opinion, it is this 10th day of March, 2004, hereby

ORDERED that Plaintiffs' Motion for Leave to Take Immediate Discovery [5] is GRANTED. Plaintiffs will be allowed to serve immediate discovery on Verizon to obtain the identity of each John Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, address, telephone number, email address, and Media Access Control address. Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights as set forth in the Complaint. If and when Verizon is served with a subpoena, Verizon shall give written notice, which can include use of email, to the subscribers in question within five business days. If Verizon and/or any Defendant want to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 25 days from the date of service. Verizon shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash. It is further

ORDERED that Plaintiffs shall provide Verizon a copy of this Memorandum Opinion
and Order along with its subpoena; it is further

ORDERED that the Motion of Public Citizen, the American Civil Liberties Union, the
Electronic Frontier Foundation and the ACLU of the National Capitol Area to file as *amici
curiae* [6] is GRANTED.

March 10, 2004                                        /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BMG MUSIC, et al. | : | CIVIL ACTION |
| Plaintiffs | : | NO.  04-650 |
| | : | |
| v. | : | |
| | : | |
| DOES 1-203, | : | |
| Defendants. | : | |

### O R D E R

AND NOW, this 5th day of March, 2004, upon consideration
of Plaintiff's Motion for Leave to Take Expedited Discovery (Doc.
3), it is hereby ORDERED that said Motion is GRANTED with respect
to the Defendant identified as "Doe #1." As this Court has
severed all other Defendants, discovery issues in the other cases
will be at the discretion of other randomly assigned judges of
this Court.  Plaintiffs therefore have leave to serve immediate
discovery on Comcast to obtain the identity only of the Doe
Defendant known as "Doe #1" in Exhibit A of Plaintiffs'
Complaint.  The Court notes that Comcast is now, if it is not
already, on notice that it possesses documents necessary to
litigation (the subscriber data that relates individual users to
their internet protocol address), and it should act to preserve
all relevant information with an eye towards Plaintiffs'
discovery needs.  This Order does not prejudice Comcast's ability
to seek a protective order, or to take other actions as are
appropriate.

AND IT IS SO ORDERED.

Clarence C. Newcomer, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - A.l..nta

MAR 3  2004

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

VIRGIN RECORDS AMERICA, INC.,     :
et al.,                                            :
                                                     :
                        Plaintiffs,              :
                                                     :          CIVIL ACTION NO.
v.                                                 :
                                                     :          1:04-CV-0438-CC
DOES 1 - 44,                                  :
                                                     :
                        Defendants.            :

## ORDER

Currently pending before the Court is Plaintiffs' Motion for Leave to Take Expedited Discovery. Plaintiffs, record companies who own copyrights in various sound recordings, seek leave of Court to serve limited, immediate discovery on Earthlink, Inc. ("Earthlink"), a third party Internet Service Provider ("ISP"), in order to determine the true identities of the Doe Defendants.

According to Plaintiffs' Complaint, the Doe Defendants used an online media distribution system to download Plaintiffs' copyrighted works to the public, and/or make copyrighted works available for distribution to others. Although Plaintiffs do not know the true names of the Defendants, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and at the time of the Defendants' allegedly infringing activity. Through the use of a publicly available database, Plaintiffs have traced the IP address for each Defendant, and have determined that the ISP is Earthlink.[1] In their motion for expedited discovery, Plaintiffs ask the Court for permission to serve a Rule 45

---

[1]     Plaintiffs have submitted the declaration of Jonathan Whitehead, Vice President and Counsel for Online Copyright Protection for the Recording Industry Association of America, Inc., in support of their motion for expedited discovery.

subpoena on Earthlink that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

Public Citizen, the American Civil Liberties Union, The Electronic Frontier Foundation, and the ACLU of Georgia (collectively referred to as "*amici*") have moved the Court for leave to file a memorandum as *amici curiae* addressing Plaintiffs' motion for expedited discovery. In their memorandum, *amici* argue that Plaintiffs have not made a sufficient factual showing to warrant discovery into the identities of persons who have communicated anonymously over the Internet, or made a sufficient showing that this Court has personal jurisdiction over each Defendant. In addition, *amici* argue that there are also serious concerns whether all 44 Doe Defendants are properly joined in one action. Lastly, *amici* argue that if the Court does allow some discovery, the Court should enlarge the period of time which Earthlink has to respond so that the individual defendants will have a meaningful opportunity to object to the subpoena if they so choose. Plaintiffs' oppose *amici's* motion, arguing that *amici's* effort to inject themselves into this case is premature.

As an initial matter, *amici's* motion for leave to file their memorandum is GRANTED.[2] However, after consideration of *amici's* brief, the Court agrees with Plaintiffs that the issues raised by *amici* are premature. In this regard, no party to this action has raised any of the issues addressed in *amici's* memorandum, and *amici* may not inject issues into the case which have not been raised by a party. *See* McCleskey v. Zant, 499 U.S. 467, 523 n.10, 111 S.Ct. 1454, 1485 n.10, 113 L.Ed.2d 517 (1991) ("It is well established . . . that this Court will not consider an argument

---

[2]    *See* DeJulio v. Georgia, 127 F.Supp.2d 1274, 1284 (N.D. Ga. 2001) (decision to allow a non-party to participate as amicus curiae is solely within the broad discretion of the Court).

advanced by *amicus* when that argument was not raised or passed on below and was not advanced in this Court by the party on whose behalf the argument is being raised."). The issues addressed by *amici* may be resolved in the ordinary course of this litigation if and when such issues are raised by any Defendant.

Turning to Plaintiffs' request for expedited discovery, upon consideration of Plaintiffs' motion and supporting brief, as well as the declaration of Mr. Whitehead, the Court finds that Plaintiffs have established good cause for the expedited discovery they request. Where the Complaint alleges a prima facie case of copyright infringement, and where the lawsuit cannot proceed until Defendants are properly identified, Plaintiffs' motion for limited, immediate discovery in order to identify the Doe Defendants is due to be GRANTED.

ACCORDINGLY, IT IS HEREBY ORDERED:

Plaintiffs may serve immediate discovery upon Earthlink to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control address for each Defendant.

Any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint.

If and when Earthlink is served with a subpoena, within five (5) business days thereof it shall give notice to the subscribers in question of the subpoena. If Earthlink and/or any Defendant wishes to move to quash the subpoena, they shall do so before the return date of the subpoena, which shall be twenty-five (25) days from the date of service.

If and when Earthlink is served with a subpoena, Earthlink shall preserve the

subpoenaed information in question pending resolution of any timely filed motion to quash.

Counsel for Plaintiffs shall provide a copy of this Order to Earthlink when the subpoena is served.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Leave to Take Expedited Discovery [2-1] is GRANTED. *Amici's* Motion for Leave to File Memorandum as Amici Curiae [5-1] is also GRANTED.

SO ORDERED this 3rd day of _March_, 2004.

CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

- 4 -

STERNS & WEINROTH, P.C.
50 West State Street, Suite 1400
Trenton, N.J. 08607-1298
KAREN A. CONFOY (KC-0848)
Telephone: (609) 392-2100
Facsimile: (609) 392-7956
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; PRIORITY RECORDS LLC, a California limited liability company; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; ARISTA RECORDS, INC., a Delaware corporation; BMG MUSIC, a New York general partnership; MAVERICK RECORDING COMPANY, a California joint venture; MOTOWN RECORD COMPANY, L.P., a California limited partnership; UMG RECORDINGS, INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; and ATLANTIC RECORDING CORPORATION, a Delaware corporation, | CIVIL ACTION Case No.: ~~046~~ 04-607 (GEB) <br><br> [PROPOSED] ORDER GRANTING EX PARTE RELIEF PERMITTING PLAINTIFFS TO CONDUCT LIMITED EXPEDITED DISCOVERY UPON RCN CORPORATION |
| Plaintiffs, | |
| v. | |
| DOES 1 - 7, | |
| Defendants. | |

Upon Plaintiffs' application for an Order to Show Cause granting Plaintiffs *ex parte* relief permitting them to conduct limited expedited discovery, the supporting memorandum of law, the declaration of Jonathan Whitehead and exhibit thereto, and the declaration of Karen A. Confoy, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on RCN to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: 2/17/04

_____
United States District Judge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------- x

CAPITOL RECORDS, INC., a Delaware
corporation; ARISTA RECORDS, INC., a
Delaware corporation; INTERSCOPE
RECORDS, a California general partnership;
LOUD RECORDS, LLC, a Delaware corporation;
UMG RECORDINGS, INC., a Delaware
corporation; WARNER BROS. RECORDS INC.,
a Delaware corporation; ATLANTIC
RECORDING CORPORATION, a Delaware
corporation; FONOVISA, INC., a California
corporation; SONY MUSIC ENTERTAINMENT
INC., a Delaware corporation; BMG MUSIC, a
New York general partnership; LONDON-SIRE
RECORDS INC., a Delaware corporation;
MOTOWN RECORD COMPANY, L.P., a
California limited partnership; PRIORITY
RECORDS LLC, a California limited liability
company; MAVERICK RECORDING
COMPANY, a California joint venture;
ELEKTRA ENTERTAINMENT GROUP INC., a
Delaware corporation; and VIRGIN RECORDS
AMERICA, INC., a California corporation,

                Plaintiffs,

        -against-

DOES 1 - 250,

              Defendants.

: Civil Action No.: 04 CV 472 (LAK)(HBP)

--------------------------------------------------- x

## [PROPOSED] ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION TO TAKE IMMEDIATE DISCOVERY

Upon the *ex parte* application of Plaintiffs to take immediate discovery, the annexed

declaration of Jonathan Whitehead and the exhibit thereto, the annexed declaration of J.

Christopher Jensen, Esq., and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Time Warner Cable to obtain the identity each Doe Defendant by requesting the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant. ~~The disclosure of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).~~

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the discovery requests may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

Dated: 1/26/04

United States District Judge

0617027.1